Filed 6/24/15  P. v. Beck CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C077654 |
| Plaintiff and Respondent, | (Super. Ct. No. CM034427) |
| v. | |
| SHANIKA CATRICE BECK, | |
| Defendant and Appellant. | |

On June 14, 2011, defendant Shanika Catrice Beck pleaded guilty to possessing a controlled substance on April 16 of that same year.  (Health & Saf. Code, § 11350, subd. (a).)  After several failures to appear in connection with a deferred entry of judgment program, defendant appeared for sentencing on September 24, 2014.  Defendant's sole contention on appeal is that the trial court's imposition of a $300 restitution fine at sentencing violated ex post facto principles.  Because the claim is forfeited, we affirm.

1

## DISCUSSION

The facts of defendant's conviction are irrelevant to our determination of her claim on appeal. It suffices to say that the trial court imposed a $300 restitution fine pursuant to Penal Code section 1202.4, subdivision (b)(1)[1] at defendant's sentencing. Section 1202.4, subdivision (b)(1) provides in relevant part that every defendant is subject to a separate and additional restitution fine, at the discretion of the trial court. At the time of defendant's offense, the permissible range of the fine was $200 to $10,000. (Stats. 2010, ch. 351, § 9.) Although the minimum fine had been increased to $300 by the time of defendant's sentencing, defendant was still *eligible* for the earlier minimum fine of $200 based on the date of her offense. (Stats. 2011, ch. 358, § 1.) The trial court stated its intent to impose the "minimal fines" and then imposed a $300 restitution fine. There was no objection.

Defendant now argues that the imposition of the $300 fine was an ex post facto penalty and must be reduced to $200 to reflect the statutory minimum in effect at the time of her April 2011 offense. She has, however, forfeited any claim of error by her failure to object in the trial court. She cannot avoid our determination of forfeiture by characterizing the $300 fine as "unauthorized." "Although the cases are varied, a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) Here, the $300 fine (or even a $10,000 fine) could be lawfully imposed in April 2011 and was therefore not unauthorized when imposed in September 2014.

Because the $300 fine was *not* unauthorized, defendant forfeited any claim that the trial court mistakenly imposed an amount above her applicable minimum fine by not objecting at the sentencing hearing. "Although the court is required to impose sentence

---

[1] Further undesignated statutory references are to the Penal Code.

2

in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing.  Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention.  As in other waiver cases, we hope to reduce the number of errors committed in the first instance and preserve the judicial resources otherwise used to correct them." (*People v. Scott, supra*, 9 Cal.4th at p. 353.)  Here, had defendant objected, the trial court could have corrected any misunderstanding about the discretionary amount of the fine.  Defendant may not request correction for the first time on appeal.

## DISPOSITION

The judgment is affirmed.




              DUARTE          , J.



We concur:



      RAYE          , P. J.



      ROBIE          , J.



3